UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES WESTLEY NEWMAN,<br><br>Petitioner,<br><br>vs.<br><br>BRENT FLUKE, WARDEN; GORDON SEANSON, SOUTH DAKOTA BOARD OF PARDONS AND PAROLES—NON-COMPLIANCE PANEL; and MYRON RAU—SOUTH DAKOTA BOARD OF PARDONS AND PAROLES—NON-COMPLIANCE PANEL,<br><br>Respondents. | 4:22-CV-04158-KES<br><br><br>ORDER TO SHOW CAUSE AND<br>FOR SERVICE |

Petitioner, Charles Westley Newman, a person incarcerated pursuant to a state court judgment, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244 [sic].  Based upon initial review of that petition,  it appears that Mr. Newman's petition may be unexhausted or procedurally defaulted, in whole or in part.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), requires that before a federal court may entertain a state petitioner's habeas claims, those claims must first be presented in the proper way to the proper state tribunal for consideration and then all avenues available for appeal under state law must be exhausted.  28 U.S.C. § 2254(b) & (c).  If a state petitioner fails to present his claims to the proper tribunal, or fails to present his claims up the full ladder of available appellate review, his claim is considered unexhausted and, in general, may not be heard on the merits by a federal habeas court.  28 U.S.C. § 2254(b);

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  If it is still possible for a state

petitioner to return to state tribunals and complete the required exhaustion, the

federal court should dismiss the federal petition *without prejudice* to allow

exhaustion to be completed.  Rose v. Lundy, 455 U.S. 509, 522 (1982).

However, when a petitioner has no nonfutile avenues left in state court to

complete the exhaustion of his claims before state tribunals, then his claim is

procedurally defaulted.  Smittie v. Lockhart, 843 F.2d 295, 297 (8th Cir. 1988).

In such a case, the federal court must dismiss the federal habeas claims *with*

*prejudice* unless the state petitioner can demonstrate cause for the default and

actual prejudice or show convincing evidence of actual innocence based on new

evidence that was not previously available or could not have been discovered

with the exercise of due diligence.  Schlup v. Delo, 513 U.S. 298, 315, 324

(1995) (standard for demonstrating actual innocence); Carmichael v. White,

163 F.3d 1044, 1045 (8th Cir. 1998) (dismissal for procedural default is with

prejudice); Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992) (state

petitioner must show cause and prejudice in order to allow a federal habeas

court to reach the merits of a procedurally defaulted claim).

Mr. Newman makes clear in his petition that he is not challenging his

original sentence, but rather he is collaterally attacking the decision by the

South Dakota Board of Pardons and Paroles ("the Board")to revoke his parole

and to impose the previously-suspended portion of his sentence(s).  See Docket

No. 1 at p. 1.  The manner for pursuing an appeal of such decisions set forth

by state law is to file an administrative appeal within the Board and, if the

internal agency appeal is unsuccessful, the complainant must make an appeal to the state circuit court pursuant to SDCL ch. 1-26.  See SDCL § 1-26-37; Austad v. South Dakota Board of Pardons and Paroles, 719 N.W.2d 760, 764 (S.D. 2006).

Nothing in Mr. Newman's petition makes reference to having pursued an administrative appeal of the Board's decision or to having completed an appeal to circuit court of the Board's decision pursuant to SDCL ch. 1-26. Mr. Newman does reference filing a state habeas petition.  Docket No. 1 at p. 2. But a petition for a writ of habeas corpus filed in state circuit court does not satisfy the exhaustion requirement because that is not the method of appeal prescribed by state law.

Because it appears that Mr. Newman's claims may be unexhausted and possibly procedurally defaulted, it is hereby

ORDERED that the Clerk of Court is directed to serve upon the respondent and the Attorney General of the State of South Dakota a copy of the petition and this Order, as well as a copy of Mr. Newman's complaint in Newman v. Gilchrist, 4:22-CV-04155-KES, Docket No. 1, to which Mr. Newman makes extensive reference in his habeas petition; it is further

ORDERED that both parties shall show cause no later than December 15, 2022, why Mr. Newman's petition should not be dismissed without prejudice because his claims have not been properly exhausted, or why his petition should not be dismissed with prejudice because his claims are procedurally defaulted.  It is also

ORDERED that respondents shall file with this court copies all pertinent state court records, including any pertinent transcripts.

DATED November 15, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge